■ In the Matter of DONALD J. BROKER et al., Appellants, v BOARD OF DIRECTORS OF THE BROOME COUNTY BOARD OF REALTORS, INC., Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered October 10, 1975 in Broome County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent, Board of Directors of the Broome County Board of Relators, Inc., finding that petitioners violated respondent's by-laws, fining each petitioner $1,000 and suspending each petitioner from board membership and all board services for 30 days. Petitioners are New York State licensed real estate brokers engaged in real estate business in Broome County, New York. They are members of the Broome County Board of Realtors, Inc.,

hereinafter referred to as the Board. Petitioners Broker, Mitchell and Brown are directors of the Board. In 1974 petitioners formed a New York corporation known as Associated Appraisal, Inc., hereinafter referred to as Associated, which was utilized in Broome County by petitioners for rentals and appraisals of, real property only. In May, 1975 petitioners decided to have Associated engage in real estate sales activities as a nonboard entity and hired a manager to run the day-to-day operations of Associated. Associated advertised in a local newspaper for salesmen. Pursuant to the by-laws of the board, two complaints were filed against the petitioners with the board's professional standards committee claiming that petitioners were violating article 4 of the Code of Ethics of the National Board of Realtors Association, incorporated by specific reference into the Board's by-laws, which reads: "Realtors are to seek no unfair advantages over other Realtors. Realtors should conduct their business so as to avoid any controversy with other Realtors, who are members of the Board of Realtors." The professional standard committee heard the complaints and rendered a decision finding petitioners guilty of the charges and as penalties imposed a fine of $1,000 on each petitioner and suspended them from the Board and its multiple listing service privileges for one month. Pursuant to the by-laws of the Board, petitioners applied to the professional standard committee for a rehearing and appealed the decision of the committee to the board of directors. The request for a rehearing was denied and the decision of the committee was sustained by the Board. Petitioners commenced this proceeding pursuant to article 78 of the CPLR to annul the determination. By the judgment appealed from the Special Term denied petitioners' application. On this appeal petitioners claim that the Board's decision was arbitrary and capricious and was not supported by substantial evidence and that the penalty imposed was excessive. On the entire record we find there is substantial evidence to support the decision of the professional standard committee and that the decision was not arbitrary and capricious or an abuse of discretion and thus cannot be set aside under the limited review available in this proceeding (CPLR 7803). The Board acted within its powers to compel compliance with its by-laws and to protect its members in the legitimate conduct of the members' real estate business. Even the petitioners state in their affidavit requesting a rehearing that petitioners "had occasion to hear the comments of many fellow brokers, both Board and non-Board members, and it appeared clear to deponents that the concept of Associated in real estate sales was causing general alarm throughout the real estate community." The fine of $1,000 is a severe penalty. In addition to the fine, the Board suspended petitioners from the Board and its multiple listing service for one month. In view of the fact that petitioners promptly withdrew Associated from all sales and real estate operations, both the suspension and the amount of the fines constitute an abuse of discretion (CPLR 7803, subd 3). Suspension of petitioners would seriously disrupt their business for at least an entire month and could cause substantial damage to petitioners' salesmen who are not parties to this proceeding and are not charged with any violations. Petitioners' application should be granted to the extent of vacating the penalty of suspension and reducing the fines on each appellant to the sum of $500. Judgment modified, on the law and the facts, by vacating the penalty of suspension of petitioners for one month from Board membership and all Board services and by reducing the fine imposed on each petitioner to the sum of $500, and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.